**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**EASTERN DIVISION**
**NO.: 4:23-CV-00144-FL**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **DEFENDANT BALFOUR BEATTY INFRASTRUCTURE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AND AFFIRMATIVE DEFENSES** |
| **vs.** | ) ) ) | |
| **BALFOUR BEATTY INFRASTRUCTURE, INC.,** | ) ) ) | |
| **Defendant.** | | |

     **NOW COMES** Defendant **BALFOUR BEATTY INFRASTRUCTURE, INC.** (hereinafter "BBI", the "Company", or "Defendant"), through its undersigned counsel, pursuant to Fed. R. Civ. P. 8 and 12, and hereby files this Answer to Plaintiff Equal Employment Opportunity Commission's ("Plaintiff") Complaint. BBI responds to the numbered paragraphs of Plaintiff's Complaint as follows:

     The opening paragraph of the Complaint titled "NATURE OF THE ACTION" is a summary of Plaintiff's claims and the relief sought. The "NATURE OF THE ACTION" in Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, BBI denies that those claims are valid, and that Plaintiff is entitled to any relief.

     <u>**RESPONDING SPECIFICALLY TO "JURISDICTION AND VENUE"**</u>

     1.     The allegations contained in Paragraph 1 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent any response is required, BBI denies the allegations contained Paragraph 1 of Plaintiff's Complaint.

1

2.      The allegations contained in Paragraph 2 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent any response is required, BBI denies the allegations contained Paragraph 2 of Plaintiff's Complaint.

3.      BBI denies it engaged in any unlawful employment practices. However, BBI admits Angela Nicol was employed by BBI within the jurisdiction of the United States District Court for the Eastern District of North Carolina. Except as admitted or otherwise explained, BBI denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

## RESPONDING SPECIFICALLY TO "PARTIES"

4.      BBI admits Plaintiff is an agency of the United States charged with the administration, interpretation, and enforcement of Title VII. Except as admitted or otherwise explained, BBI denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      BBI admits it is a Delaware corporation licensed to do business through the United States including North Carolina. BBI further admits it provides general contracting, construction management and design-build services for both public and private sector clients. Except as admitted or otherwise explained, BBI denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.      BBI admits that it has been a corporation doing business in the State of North Carolina at the times relevant to the allegations contained in Plaintiff's Complaint. Defendant further admits that it has continuously had at least 15 employees. Except as admitted or otherwise explained, BBI denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      BBI denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

## ADMINISTRATIVE PROCEDURES

8.      BBI admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

2

9. BBI admits that Plaintiff issued a Letter of Determination on April 14, 2023 and sought conciliation. Except as admitted or otherwise explained, BBI denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. BBI admits both Plaintiff and BBI engaged in communications in an attempt to conciliate. Except as admitted or otherwise explained, BBI denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. BBI admits the parties were unable to come to an agreement on the terms of a conciliation agreement. Except as admitted or otherwise explained, BBI denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. BBI admits Plaintiff issued a Notice of Failure of Conciliation on June 21, 2023. Except as admitted or otherwise explained, BBI denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. BBI denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

## STATEMENT OF CLAIMS

14. BBI denies it engaged in any unlawful employment practices. Except as admitted or otherwise explained, BBI denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. BBI admits it employed Angela D. Nicol ("Nicol") in October 2020 as an off-road truck driver for a highway construction project in Craven County, North Carolina. Except as admitted or otherwise explained, BBI denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

3

16. BBI admits it operated six (6) zones for this highway construction project in Craven County, North Carolina. Except as admitted or otherwise explained, BBI denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. It is admitted that at the time she was hired, Nicol temporarily worked with existing crews in Zone 1 on erosion control, unclassified excavation, and other miscellaneous tasks until she could begin work in Zone 5. Except as admitted or otherwise explained, BBI denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. It is admitted that at the time she was hired, Nicol temporarily worked with existing crews in Zone 1 on erosion control, unclassified excavation, and other miscellaneous tasks until she could begin work in Zone 5. Except as admitted or otherwise explained, BBI denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. BBI admits Nicol received limited training on the operation of other equipment including a mini-excavator and bulldozer, but her primary job assignment was to operate off-road trucks. Except as admitted or otherwise explained, BBI denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. BBI admits Nicol was assigned to and worked at the Zone 5 job site from January 14, 2021 until February 13, 2022 at which time, Nicol and five (5) of her Zone 5 coworkers were moved to Zone 3 because the saturated conditions in Zone 5 were impacting the ability to continue the earthwork operations needed for Zone 5. BBI temporarily moved the employees including Nicol to a job site unaffected by the weather so the employees including Nicol could continue working and receiving compensation. Except as admitted or otherwise explained, BBI denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

4

21.     BBI denies Nicol's foreman told her that he wanted her to transfer to the James City job site. The James City job site was an urban job site that did not require the off-road equipment operation Nicol was providing the Company. Except as admitted or otherwise explained, BBI denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

<u>**RESPONDING SPECIFICALLY TO "COUNT I:  Sex Harassment and Hostile Environment in Violation of Title VII"**</u>

22.     BBI incorporates by reference as if fully set forth herein all responses to Paragraphs 1-21 of Plaintiff's Complaint above.

23.     BBI denies it engaged in unlawful employment practices and specifically denies that it subjected Nicol to sex harassment or a sexually hostile work environment. Additionally, the allegations contained in Paragraph 23 of Plaintiff's Complaint constitute legal conclusions to which no response is required. Except as admitted or otherwise explained, BBI denies the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     BBI denies the allegations contained in Paragraph 24 of Plaintiff's Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, specifically the identity of the male coworker Plaintiff refers to as "Coworker 1." However, BBI admits that on or about January 25, 2022, Nicol reported to BBI for the first time that one specific male coworker asked her to "talk/text dirty to him" in or around May 2021. Except as admitted or otherwise explained, BBI denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     BBI denies the allegations contained in Paragraph 25 including Subparagraphs (a.) through (d.) of Plaintiff's Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, specifically the identity of the male coworker Plaintiff refers to as "Coworker 1." However, BBI admits that on or about January 25, 2022, Nicol

5

reported to BBI for the first time that one specific male coworker asked her to talk/text dirty to him, asked for pictures of Nicols, and asked Nicols to sit on his lap. BBI further admits that on January 25, 2022, Nicol reported that this same male coworker texted her two (2) pictures of his naked penis on January 4, 2022. Except as admitted or otherwise explained, BBI denies the remaining allegations contained in Paragraph 25 including Subparagraphs (a.) through (d.) of Plaintiff's Complaint.

26. BBI denies the allegations contained in Paragraph 26 of Plaintiff's Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, specifically the identity of the male coworker Plaintiff refers to as "Coworker 1." However, BBI admits that on January 25, 2023, Nicol told Project Superintendent Andy Baker that one specific male coworker texted her two (2) pictures of his naked penis on January 4, 2022. Except as admitted or otherwise explained, BBI denies the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. BBI denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. BBI denies the allegations contained in Paragraph 28 of Plaintiff's Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, specifically the identity of the male coworker Plaintiff refers to as "Coworker 1." BBI further denies that Nicol reported any unwelcome sexual conduct to BBI until she reported to Project Superintendent Baker on January 25, 2022. Except as admitted or otherwise explained, BBI denies the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. BBI denies the allegations contained in Paragraph 29 of Plaintiff's Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, specifically the identity of the male coworker Plaintiff refers to as "Coworker 1."

However, BBI admits that on January 25, 2022, Nicol reported to Project Superintendent Baker that one specific male coworker texted her two (2) pictures of his naked penis. Except as admitted or otherwise explained, BBI denies the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     BBI denies the allegations contained in Paragraph 30 of Plaintiff's Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, specifically the identity of the male coworker Plaintiff refers to as "Coworker 2." BBI further denies that Nicol reported to BBI any hostility or unwelcome sexual conduct by any other coworkers other than the conduct she alleged by the one specific male coworker who texted her pictures of his naked penis on January 4, 2022. Except as admitted or otherwise explained, BBI denies the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     BBI denies the allegations contained in Paragraph 31 of Plaintiff's Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, specifically the identity of the male coworker Plaintiff refers to as "Coworker 2." BBI further denies that Nicol reported to BBI any hostility or unwelcome sexual conduct by any other coworkers other than the conduct she alleged by the one specific male coworker who texted her pictures of his naked penis on January 4, 2022. Except as admitted or otherwise explained, BBI denies the remaining allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     BBI denies the allegations contained in Paragraph 32 of Plaintiff's Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, specifically the identity of the male coworker Plaintiff refers to as "Coworker 2." BBI further denies that Nicol reported to BBI any hostility or unwelcome sexual conduct by any other coworkers other than the conduct she alleged by the one specific male coworker who texted her

pictures of his naked penis on January 4, 2022. Except as admitted or otherwise explained, BBI denies the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. BBI denies the allegations contained in Paragraph 33 of Plaintiff's Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, specifically the identity of the male coworker Plaintiff refers to as "Coworker 2." BBI further denies that Nicol reported to BBI any hostility or unwelcome sexual conduct by any other coworkers other than the conduct she alleged by the one specific male coworker who texted her pictures of his naked penis on January 4, 2022. Except as admitted or otherwise explained, BBI denies the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. BBI denies the allegations contained in Paragraph 34 of Plaintiff's Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, specifically the identity of the male coworker Plaintiff refers to as "Coworker 2." BBI further denies that Nicol reported to BBI any hostility or unwelcome sexual conduct by any other coworkers other than the conduct she alleged by the one specific male coworker who texted her pictures of his naked penis on January 4, 2022. Except as admitted or otherwise explained, BBI denies the remaining allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. BBI denies the allegations contained in Paragraph 35 of Plaintiff's Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, specifically the identity of the male coworker Plaintiff refers to as "Coworker 2." BBI further denies that Nicol reported to BBI any hostility or unwelcome sexual conduct by any other coworkers other than the conduct she alleged by the one specific male coworker who texted her pictures of his naked penis on January 4, 2022. Except as admitted or otherwise explained, BBI denies the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     BBI denies the allegations contained in Paragraph 36 of Plaintiff's Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, specifically the identity of the male coworker Plaintiff refers to as "Coworker 2." BBI further denies that Nicol reported to BBI any hostility or unwelcome sexual conduct by any other coworkers other than the conduct she alleged by the one specific male coworker who texted her pictures of his naked penis on January 4, 2022. However, BBI admits that Nicol reported to Foreman Jake Gainey ("Gainey") that coworkers were cursing at the worksite but refused to identify the cursing employees. As a result, Gainey spoke with everyone on his crew, reminding them to be more respectful of one another on the job site. Gainey did not identify Nicol as the complaining person at any point during this discussion with the crew. Except as admitted or otherwise explained, BBI denies the remaining allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     BBI denies the allegations contained in Paragraph 37 of Plaintiff's Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, specifically the identity of the male coworker Plaintiff refers to as "Coworker 2." BBI further denies that Nicol reported to BBI any unwelcome sexual or sex-based conduct by any other coworkers other than the conduct she alleged by the one specific male coworker who texted her pictures of his naked penis on January 4, 2022. Except as admitted or otherwise explained, BBI denies the remaining allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     BBI denies the allegations contained in Paragraph 38 including Subparagraphs (a.) through (d.) of Plaintiff's Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, specifically the identity of the male coworkers Plaintiff refers to as "other male coworkers." BBI further denies that Nicol reported to BBI any

vulgar sex-based insults or disparaging comments about women or Nicol by any other coworkers other than the conduct she alleged by the one specific male coworker who texted her pictures of his naked penis on January 4, 2022. Except as admitted or otherwise explained, BBI denies the remaining allegations contained in Paragraph 38 including Subparagraphs (a.) through (d.) of Plaintiff's Complaint.

39.     BBI denies that Nicol ever reported sexual harassment by any coworker until January 25, 2022, when she reported the conduct by the one specific male coworker who texted her pictures of his naked penis on January 4, 2022. Except as admitted or otherwise explained, BBI denies the remaining allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.     BBI denies that Nicol ever reported sexual harassment by any coworker until January 25, 2022, when she reported the conduct by the one specific male coworker who texted her pictures of his naked penis on January 4, 2022. Except as admitted or otherwise explained, BBI denies the remaining allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     BBI denies that Nicol reported any sexual or sex-based harassment by any coworker until January 25, 2022, when she reported the conduct by the one specific male coworker who texted her pictures of his naked penis on January 4, 2022. Except as admitted or otherwise explained, BBI denies the remaining allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     BBI denies that Nicol ever reported lewd and harassing conduct by any coworker until January 25, 2022, when she reported the conduct by the one specific male coworker who texted her pictures of his naked penis on January 4, 2022. Except as admitted or otherwise explained, BBI denies the remaining allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.     BBI denies the allegations contained in Paragraph 43 of Plaintiff's Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, specifically where or when Nicol would allegedly break down in tears. BBI further denies that Nicol reported to BBI any sexual or sex-based harassment by any other coworkers other than the conduct she alleged by the one specific male coworker who texted her pictures of his naked penis on January 4, 2022. Except as admitted or otherwise explained, BBI denies the remaining allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.     BBI denies it engaged in unlawful employment practices. Except as admitted or otherwise explained, BBI denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     BBI denies that Nicol ever reported sexual or sex-based harassment by any coworker until January 25, 2022, when she reported the conduct by the one specific male coworker who texted her pictures of his naked penis on January 4, 2022. Except as admitted or otherwise explained, BBI denies the remaining allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     BBI denies the allegations contained in Paragraph 46 of Plaintiff's Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, specifically the identity of the male coworkers Plaintiff refers to as "Coworker 1", "Coworker 2" and "other coworkers." BBI further denies that Nicol reported to BBI any hostility or unwelcome sexual conduct by any other coworkers other than the conduct she alleged by the one specific male coworker who texted her pictures of his naked penis on January 4, 2022. Except as admitted or otherwise explained, BBI denies the remaining allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     The allegations contained in Paragraph 47 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent any response is required, BBI denies the allegations contained Paragraph 47 of Plaintiff's Complaint.

48.     BBI denies it engaged in unlawful employment practices in violation of state or federal law. Additionally, the allegations contained in Paragraph 48 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent any response is required, BBI denies the allegations contained Paragraph 48 of Plaintiff's Complaint.

49.     BBI denies it engaged in unlawful employment practices in violation of state or federal law. Additionally, the allegations contained in Paragraph 49 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent any response is required, BBI denies the allegations contained Paragraph 49 of Plaintiff's Complaint.

50.     BBI denies it engaged in unlawful employment practices in violation of state or federal law. Additionally, the allegations contained in Paragraph 50 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent any response is required, BBI denies the allegations contained Paragraph 50 of Plaintiff's Complaint.

51.     BBI denies it engaged in unlawful employment practices in violation of state or federal law. Additionally, the allegations contained in Paragraph 51 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent any response is required, BBI denies the allegations contained Paragraph 51 of Plaintiff's Complaint.

52.     BBI denies it engaged in unlawful employment practices in violation of state or federal law. Additionally, the allegations contained in Paragraph 52 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent any response is required, BBI denies the allegations contained Paragraph 52 of Plaintiff's Complaint.

**RESPONDING SPECIFICALLY TO "COUNT II: Claim of Retaliation"**

53. BBI incorporates by reference as if fully set forth herein all responses to Paragraphs 1-52 of Plaintiff's Complaint above.

54. BBI denies it engaged in unlawful or retaliatory employment. Except as admitted or otherwise explained, BBI denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. BBI admits that on or about January 24, 2022, Mechanic Rick Knopp ("Knopp") told Project Superintendent Baker that he should speak with Nicol as Knopp suspected something was upsetting her. BBI further admits that Baker followed up with Nicol the next day, January 25, 2022, but that Nicol insisted nothing was wrong. Baker encouraged her to share whatever was bothering her so that Baker could help her. Nicol then reported that a male coworker had texted her pictures of his naked penis, which prompted BBI to immediately initiate an investigation, including multiple interviews. Except as admitted or otherwise explained, BBI denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. BBI admits that on or about January 24, 2022, Mechanic Rick Knopp ("Knopp") told Project Superintendent Baker that he should speak with Nicol as Knopp suspected something was upsetting her. BBI further admits that Baker followed up with Nicol the next day, January 25, 2022, but that Nicol insisted nothing was wrong. Baker encouraged her to share whatever was bothering her so that Baker could help her. Nicol then reported that a male coworker had texted her pictures of his naked penis, which prompted BBI to immediately initiate an investigation, including multiple interviews. Except as admitted or otherwise explained, BBI denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.     BBI admits that Project Superintendent Baker immediately took Nicol to meet with Havelock Project Manager Josh Sommer ("Sommer") and Project Business Manager, Sherrie Drinnen ("Drinnen") on January 25, 2022, after Nicol reported the inappropriate text messages. Sommer and Drinnen led the investigation into Nicol's complaint, interviewing her that day and asking her to provide a written statement of her complaint. Nicol's written statement from January 25, 2022 did not contain any complaints about inappropriate conduct by other coworkers. Except as admitted or otherwise explained, BBI denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     BBI denies the Company ever planned to transfer Nicol to the James City job because it was an urban job site that did not require the off-road equipment operation Nicol was providing the Company. BBI admits Nicol was assigned to and worked at the Zone 5 job site until February 2022 at which time, Nicol and five (5) of her Zone 5 coworkers were moved to Zone 3 because the saturated conditions in Zone 5 were impacting the ability to continue the earthwork operations needed for Zone 5.  BBI temporarily moved the employees including Nicol to a job site unaffected by the weather so the employees including Nicol could continue working and receiving compensation. On or about January 28, 2022, Nicol told Sommer and Drinnen that she assumed that since her supervisor was moving to James City, that she would be moving there too. Sommer explained to Nicol that the James City site was an urban setting that only called for on-road trucking. As such, there was not a position for BBI employees who operated off-road equipment. Except as admitted or otherwise explained, BBI denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.     BBI denies the allegations contained in Paragraph 59 of Plaintiff's Complaint for lack of sufficient knowledge or information to form a belief as to the truth or falsity of the

allegations, specifically the identity of the male coworker Plaintiff refers to as "Coworker 1." BBI admits that shortly after Nicol reported his conduct on January 25, 2022, the male coworker who texted pictures of his naked penis to Nicol was transferred to the James City job site in order to separate him from Nicol. Except as admitted or otherwise explained, BBI denies the remaining allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.    BBI denies it engaged in unlawful employment practices and specifically denies that it retaliated against Nicol. BBI admits Nicol was assigned to and worked at the Zone 5 job site until February 2022 at which time, Nicol and five (5) of her Zone 5 coworkers were moved to Zone 3 because the saturated conditions in Zone 5 were impacting the ability to continue the earthwork operations needed for Zone 5. BBI temporarily moved the employees including Nicol to a job site unaffected by the weather so the employees including Nicol could continue working and receiving compensation. Additionally, on or about January 28, 2022, Nicol told Sommer and Drinnen that she assumed that since her supervisor was moving to James City, that she would be moving there too. Sommer explained to Nicol that the James City site was an urban setting that only called for on-road trucking. As such, there was not a position for BBI employees who operated off-road equipment. Except as admitted or otherwise explained, BBI denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.    BBI denies that it engaged in unlawful employment practices. Additionally, the allegations contained in Paragraph 61 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the allegations contained Paragraph 61 of Plaintiff's Complaint are denied.

62.    BBI denies that it engaged in unlawful employment practices. Additionally, the allegations contained in Paragraph 62 of Plaintiff's Complaint constitute legal conclusions to

which no response is required. To the extent any response is required, the allegations contained Paragraph 62 of Plaintiff's Complaint are denied.

63.     BBI denies that it engaged in unlawful employment practices and specifically denies that it violated Title VII. Additionally, the allegations contained in Paragraph 63 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the allegations contained Paragraph 63 of Plaintiff's Complaint are denied.

## RESPONDING SPECIFICALLY TO "PRAYER FOR RELIEF"

Defendant denies that Plaintiff is entitled to any relief and specifically deny that Plaintiff is entitled to any of the relief requested for in its Prayer for Relief.

**EACH AND EVERY ALLEGATION CONTAINED IN PLAINTIFF'S COMPLAINT, INCLUDING ALL CLAIMS FOR RELIEF CONTAINED IN THE PRAYER FOR RELIEF, NOT SPECIFICALLY ADMITTED HEREIN, ARE DENIED.**

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the EEOC's Complaint and the alleged causes of action, BBI alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Without waiving the foregoing defenses and in addition thereto, Plaintiff and/or Nicol's claims for damages may be barred, in whole or in part, by their failure to mitigate their damages, the existence of such damages BBI expressly denies.

## SECOND AFFIRMATIVE DEFENSE

Without waiving the foregoing defenses and in addition thereto, Plaintiff and/or Nicol's claims may be barred, in whole or in part, by the after-acquired evidence doctrine.

16

## THIRD AFFIRMATIVE DEFENSE

Without waiving the foregoing defenses and in addition thereto, any unlawful acts or omissions Plaintiff and/or Nicol allege were committed, if at all, outside the scope of the actor(s)' employment, and are barred as they were not authorized, ratified, or sanctioned by BBI.

## FOURTH AFFIRMATIVE DEFENSE

Without waiving the foregoing Defenses and in addition thereto, BBI has not deprived Nicol of any rights protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e), *et. seq.*

## FIFTH AFFIRMATIVE DEFENSE

Without waiving the foregoing defenses and in addition thereto, Plaintiff and/or Nicol's claims are barred to the extent Plaintiff and/or Nicol failed to take advantage of preventative or corrective opportunities provided by BBI's policies and practices, or to avoid harm overwise.

## SIXTH AFFIRMATIVE DEFENSE

Without waiving the foregoing defenses and in addition thereto, BBI's actions regarding Plaintiff and/or Nicol's employment were based on legitimate, non-discriminatory reasons and legitimate business concerns.

## SEVENTH AFFIRMATIVE DEFENSE

Without waiving the foregoing defenses and in addition thereto, BBI's employment practices are now, and were during the period of time referred to in the Complaint, conducted in all aspects in accordance with the federal, state, and local laws, and in good faith.

## EIGHTH AFFIRMATIVE DEFENSE

Without waiving the foregoing defenses and in addition thereto, Plaintiff failed to fulfill the conditions precedent to initiating this lawsuit because the scope of the Plaintiff's Complaint exceeds the scope of the underlying charge.

## NINTH AFFIRMATIVE DEFENSE

Without waiving the foregoing defenses and in addition thereto, Plaintiff and/or Nicol has failed to state a claim for the recovery of punitive damages upon which relief may be granted. Moreover, BBI engaged in good faith efforts to comply with federal law, and therefore cannot be held liable for punitive damages. *See Kolstad v. Am. Dental Ass'n*, 527 U.S. 526 (1999).

## TENTH AFFIRMATIVE DEFENSE

Without waiving the foregoing defenses and in addition thereto, Plaintiff failed to conciliate in good faith with BBI, in violation of 42 U.S.C. § 2000e-5.

## ELEVENTH AFFIRMATIVE DEFENSE

Without waiving the foregoing defenses and in addition thereto, Plaintiff and/or Nicol's claims are barred, in whole or in part, because BBI would have taken the same action(s) with respect to Nicol even in the absence of any purported protected activity for legitimate, non-retaliatory reasons.

## TWELFTH AFFIRMATIVE DEFENSE

Without waiving the foregoing defenses and in addition thereto, BBI pleads all applicable statutes of limitations that bar, in whole or in part, recovery by Plaintiff and/or Nicol.

## THIRTEENTH AFFIRMATIVE DEFENSE

Without waiving the foregoing defenses and in addition thereto, Plaintiff and/or Nicol's claims may be barred, in whole or in part, by the doctrine of unclean hands, laches, and/or estoppel.

18

## FOURTEENTH AFFIRMATIVE DEFENSE

Without waiving the foregoing defenses and in addition thereto, BBI reserves the right to amend its Answer to Plaintiff's Complaint and assert additional affirmative defenses as Plaintiff and/or Nicol's claims are more fully disclosed during the course of litigation.

## RESERVATION AND NON-WAIVER

BBI reserves the right to assert any further affirmative defenses consistent with materials and misinformation obtained during the course of discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendant, Balfour Beatty Infrastructure, Inc. prays to the Court:

1.      That Plaintiff have and recover nothing of BBI;

2.      That Plaintiff's Complaint be dismissed in its entirety with prejudice;

3.      That judgment be entered in favor of BBI as to Plaintiff's claims against the BBI in this action;

4.      That BBI recover its costs in defending this action, including, but not limited to, attorneys' fees as allowed by law;

5.      For a trial by jury on all issues so triable; and

6.      For such other and further relief as the Court may deem just and proper.

Respectfully submitted this the 6th day of November, 2023.

**JACKSON LEWIS P.C.**

/s/ Kathleen K. Lucchesi_____
Kathleen K. Lucchesi
N.C. State Bar No. 24386
Denaa J. Griffin
N.C. State Bar No. 46067
*Attorneys for Defendant*
200 S. College Street, Suite 1550

Charlotte, North Carolina 28202
Telephone: (980) 465-7245
Email:  kathleen.lucchesi@jacksonlewis.com
Email: denaa.griffin@jacksonlewis.com

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO.: 4:23-CV-00144-FL**

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
        Plaintiff, )
)
vs. )         **CERTIFICATE OF SERVICE**
)
BALFOUR BEATTY )
INFRASTRUCTURE, INC., )
)
        Defendant.

       The undersigned certifies that on November 6, 2023, the foregoing **Defendant Balfour Beatty Infrastructure, Inc.'s Answer to Plaintiff's Complaint and Affirmative Defenses** was electronically filed with the Clerk of the Court, using the Court's CM/ECF electronic service system, which will send notification of such filing as follows:

*Equal Employment Opportunity Commission*

Gabriel O. Mondino
Richmond Local Office
400 N. 8th Street, Suite 350
Richmond, VA 23219
Gabriel.mondino@eeoc.gov
*Attorney for Plaintiff*

Amy E. Garber
Norfolk Local Office
200 Granby Street, Suite 730
Norfolk, VA 23510
Amy.garber@eeoc.gov
*Attorney for Plaintiff*

**JACKSON LEWIS P.C.**

/s/ Kathleen K. Lucchesi
Kathleen K. Lucchesi
N.C. State Bar No. 24386
Denaa J. Griffin
N.C. State Bar No. 46067
*Attorneys for Defendant*
200 S. College Street, Suite 1550
Charlotte, North Carolina 28202
Telephone: (980) 465-7245
Email: kathleen.lucchesi@jacksonlewis.com
Email: denaa.griffin@jacksonlewis.com

21